UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                              Case No. 09-CR-20104

v.                                                       HONORABLE SEAN F. COX
                                                              United States District Judge

D-1 FREDDIE ROBERT SEAY,

    Defendant.
_____/

OPINION & ORDER REGARDING APPLICABILITY OF USSG § 2D1.1(b)(1)

On June 26, 2009, Defendant Freddie Robert Seay ("Seay") entered a guilty plea to one count of possession with the intent to distribute 5 grams or more of cocaine base, in the form of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1). The parties dispute whether Mr. Seay's criminal offense level under the United States Sentencing Guidelines is subject to the two-level increase outlined in USSG § 2D1.1(b)(1) for possession of a firearm during a drug trafficking crime. The Court held a hearing on the issue on December 18, 2009. For the reasons that follow, the Court **HOLDS** that the two-level enhancement applies in this case, and therefore will increase Mr. Seay's criminal offense level in the instant case by two levels pursuant to USSG § 2D1.1(b)(1).

BACKGROUND

At the December 18, 2009 hearing, the parties stipulated to the facts contained in the Rule 11 Plea Agreement [Doc. No. 29]. Section 1(C) of that document, entitled "Factual Basis for Guilty Plea," reads as follows, in pertinent part:

    On March 2, 2007, members of the Flint Police Department Special Operations

>   bureau executed a search warrant at 406 East Stewart Avenue, Flint, Michigan, the apartment of Brandon Fountain.  Defendant, Freddie Seay, and Brandon Fountain were located in a bedroom of the residence.  Also within the bedroom, officers located and seized scales, packaging materials, a Remington 30-06 caliber rifle, a Herrington and Richardson .32 caliber revolver, a Baikal 12 gauge shotgun, a digital scale, packaging material and, within Freddie Seay's coat[1], 50.2 grams of cocaine base, in the form of crack cocaine.

[Rule 11 Plea Agreement, Doc. No. 29, p.3].  Also at the December 18, 2009 hearing, the parties stipulated to the facts contained in paragraphs 16 and 17 of the Presentence Report prepared by the U.S. Probation Department in advance of Mr. Seay's sentencing by the Court.  The contents of those paragraphs are as follows:

>   16. On March 2, 2007, the search warrant was executed.  Located in the residence were FREDDIE SEAY and Brandon Fountain.  Located in the home was approximately 50.5 grams of marijuana, some of it in 25 individual bags.  Also located were 50.2 grams of cocaine base, two digital scales, packaging material, a *loaded* 30-06 rifle, a *loaded* .32 caliber revolver, a *loaded* sawed-off 12-gauge shotgun and additional ammunition.  *All three guns were in the bedroom where both individuals were found*.
>
>   17. *One gun was under the bed*, where the cocaine and marijuana were found.  *The other one was on top of the bed where SEAY had been sitting*.  Residency papers for Brandon Fountain were found in the residence.

[Def.'s PSR, p.5, ¶¶16, 17 (emphasis added)].  Finally, the parties stipulated at the December 18, 2009 hearing that the loaded firearm on the bed where Mr. Seay had been sitting was underneath a pillow on the bed.

Given these undisputed facts, the Government argues that USSG § 2D1.1(b)(1)'s two-level offense enhancement for possession of a dangerous weapon during an offense involving drugs should apply in the instant case.  Defendant objects to the implication of a two-level

---

[1] Mr. Seay's coat, with the cocaine base inside, was found underneath Mr. Fountain's bed.

offense enhancement pursuant to § 2D1.1(b)(1).

## ANALYSIS

Mr. Seay challenges the enhancement of his base offense level pursuant to United States Sentencing Guidelines § 2D1.1(b)(1), which provides for a two-point increase in a defendant's offense level if a firearm is "possessed" during a drug-trafficking crime.

An enhancement under § 2D1.1(b)(1) is proper if the government establishes, by a preponderance of the evidence, that: 1) the defendant possessed a dangerous weapon; 2) during the commission of a drug-trafficking offense. *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996); *United States v. Moses*, 289 F.3d 847, 850 (6th Cir. 2002). If the government proves both of these elements, the weapon is presumed to have been connected to the defendant's offense. *United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir. 1991). The defendant can rebut this presumption only by showing that it is "clearly improbable" that the weapon was connected to the offense. USSG § 2D1.1, comment (n.3); see also *Moses*, 289 F.3d at 850.

The crux of this issue hinges upon the first prong of the government's required proofs: whether the government has established, by a preponderance of the evidence, that Mr. Seay was in possession of any of the firearms in Mr. Fountain's bedroom upon his arrest on March 2, 2007. The Court finds that the government has met this burden.

For purposes of the § 2D1.1(b)(1) sentencing enhancement, the Sixth Circuit has held that "[a] defendant constructively possesses a gun if he has ownership, dominion or control over the firearm itself, or dominion over the premises where the firearm is located." *United States v. Galvan*, 453 F.3d 738, 742 (6th Cir. 2006), citing *United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir. 1991) (internal quotations omitted). Relying upon the logic of an Eighth Circuit case,

the Sixth Circuit in *United States v. Snyder*, 913 F.2d 300, 304 (6th Cir. 1990) elaborated upon the "ownership, dominion or control" logic as follows:

> The fact that a gun is located within a room that is not the center of drug transactions does not preclude the possibility that a drug dealer intended to use it to support his operations. . . . The key is always *whether the placement of the gun or guns suggests they would be quickly available for use in an emergency*.

*Snyder*, 913 F.2d at 304, quoting *United States v. Lyman*, 892 F.2d 751, 754 n.4 (8th Cir. 1989).

Sixth Circuit case law is replete with instances where § 2D1.1(b)(1)'s two-level enhancement was applicable under circumstances indicating less than actual, physical possession of a firearm by the defendant. In *United States v. Faison*, 339 F.3d 518, 519 (6th Cir. 2003), the defendant was deemed to be in possession not only of the pistol found in his home, but also the pistol found in his wife's vehicle. In *United States v. Catalan*, 499 F.3d 604, 606 (6th Cir. 2007) the defendant was arrested while a guest in another co-defendant's residence, and was found to be in possession of a pistol *belonging to the co-defendant* located in the room where he was arrested - *which he alleged he had no knowledge of*. In *United States v. Calhoun*, 49 F.3d 231, 237 (6th Cir. 1995), though the defendant was arrested at her front door, she was found to be in possession of a loaded shotgun hidden under the bed in another room. And finally, in *United States v. Webb*, 335 F.3d 534, 537 (6th Cir. 2003), both co-defendants were found to be in possession of a handgun found in their store - where they were fencing stolen goods in exchange for drugs - *which they alleged they did not even know was there*.

In the instant case, Mr. Seay has admitted that he was arrested on March 2, 2007 while in the bedroom of Mr. Fountain. When police entered Mr. Fountain's apartment, they found Mr. Seay seated on the bed, with a loaded firearm underneath the pillow located next to him. Mr. Seay's coat, containing cocaine base, was found underneath the bed upon which Mr. Seay was

seated, and was next to another loaded firearm.[2]

Given these facts, Mr. Seay was found by the arresting officers in extremely close proximity to not one, but *two*, loaded firearms. The placement of these guns, as noted by the Sixth Circuit in *Snyder*, "suggests that they would be quickly available in an emergency." *Snyder*, 913 F.2d at 304. Mr. Seay has not argued that he did not know these guns were present - and while the Court finds incredible the very notion that Mr. Seay could have been engaged in a drug-trafficking offense oblivious to the *two* loaded firearms almost touching him, the Sixth Circuit has repeatedly held that actual knowledge of the firearm's presence need not be proven by the government. *See*, *e.g.*, *Catalan* at 606; *Webb* at 537. Therefore, the Court holds that, under the required preponderance standard, Mr. Seay was in constructive possession of both firearms - the one on the bed and the one under the bed[3] - during the commission of his drug-trafficking offense.

As the government has met its burden in proving Mr. Seay was in possession of these firearms during the commission of his drug-trafficking offense, under *United States v. Sanchez* these weapons "are presumed to have been connected to the defendant's offense." *Sanchez*, 928 F.2d at 1460. As Mr. Seay has made no argument regarding the "clear improbability" these weapons were connected to his offense, as outlined in Comment 3 to § 2D1.1(b)(1), Mr. Seay is subject to the two-level offense enhancement in § 2D1.1(b)(1).

---

[2] It is not clear, given the information provided to the Court for purposes of this motion, which of the three guns was under the pillow on the bed, which of the three guns was underneath the bed, or where the third gun found in the room was located. However, the PSR does indicate that all three of these guns were loaded.

[3] As no evidence regarding the location of the third firearm was presented to the Court, the Court makes no ruling on whether the third firearm was constructively within the possession of Mr. Seay during the commission of his drug-trafficking offense.

A final note.  The Sixth Circuit "considers several factors, none of which is completely controlling, in determining whether the application of § 2D1.1(b)(1) was proper[.]" *United States v. Edmunds*, 2001 WL 523461, *2 (6th Cir. May 8, 2001).  Those factors are as follows:

> (1) the type of firearm involved; (2) the accessability of the weapon to the defendant; (3) the presence of ammunition; (4) the proximity of the weapon to illicit drugs, proceeds, or paraphernalia; (5) the defendant's evidence concerning the use of the weapon; and (6) whether the defendant was engaged in drug-trafficking, rather than mere manufacturing or possession.

*Id*.  Notably, knowledge of the firearm's presence by the defendant is not a factor included in this list.

All six of these factors are either inapplicable to the facts of this case, or weigh against the defendant.  First, a shotgun and a revolver are each weapons of a type associated with drug-trafficking.  *See Calhoun*, 49 F.3d at 237; *Edmonds*, 2001 WL 523461, *2.  Next, these weapons were found easily within reach of where Mr. Seay was arrested.  Each of these weapons was loaded, and was located within the same room as were illicit drugs and paraphernalia.  As Mr. Seay has presented no evidence concerning the use of these weapons, this factor does not apply to the instant case.  Finally, the Court notes that Mr. Seay pled guilty to possession with the intent to distribute 5 grams or more of cocaine base, in the form of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) - a drug-trafficking, as opposed to mere manufacturing or possessing, crime.

## CONCLUSION

For the reasons explained above, the Court **HOLDS** that the two-level enhancement applies in this case, and therefore will increase Mr. Seay's criminal offense level in the instant case by two levels pursuant to USSG § 2D1.1(b)(1).

**IT IS SO ORDERED**.

                              S/Sean F. Cox
                              Sean F. Cox
                              United States District Judge

Dated:  December 21, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 21, 2009, by electronic and/or ordinary mail.

                              S/Jennifer Hernandez
                              Case Manager